UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. _____

DIONE SISON,

Plaintiff,

vs.

REGINALD F. LONG, CATHY M. LONG,
and BUCKNER HOMES REALTY, INC.,

Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff DIONE SISON, by and through undersigned counsel, sues REGINALD F. LONG, CATHY M. LONG, and BUCKNER HOMES REALTY, INC., (collectively hereafter "the Defendants"), stating in support:

## I.  NATURE OF THE ACTION

1.      This is a civil action brought pursuant to the Florida Fair Housing Act [FFHA] §§ 760.20-760.37 Fla. Stat. and the federal Fair Housing Act ["FHA"], 42 U.S.C. §§ 3601, *et seq.*, and 42 U.S.C. § 1982 for damages and injuries arising from the Defendants', REGINALD LONG'S, CATHY LONG'S, and BUCKNER HOMES REALTY, INC.'S, unlawful discrimination against Plaintiff DIONE SISON, a person with disabilities.

## II.  PARTIES

2.     Plaintiff DIONE SISON ["Plaintiff" and/or "SISON"], a resident and citizen of Marion County, Florida, is an individual with a disability that qualifies her for the protections of the FHA.

3.     SISON currently resides at 7241 SW 10th Street, Ocala, Florida 34424.

4.     Defendant REGINALD F. LONG is a resident and citizen of Marion County, Florida, and is also the co-owner and landlord of 5560 NE 6th Place Ocala, FL 33470.

5.     Defendant CATHY M. LONG is a resident and citizen of Marion County, Florida, and is also the co-owner and landlord of 5560 NE 6th Place Ocala, FL 33470.

6.     Defendants REGINALD F. LONG and CATHY M. LONG [hereafter "the LONGS" when collectively referred to] rent 5560 NE 6th Place Ocala, Florida 33470 [hereafter "5560 NE 6th Place"] to others for a profit.

7.     BUCKNER HOMES REALTY, INC. [hereafter "BUCKNER HOMES" and/or "Association" and/or "Defendant"], is a Florida for-profit business corporation, organized and operating pursuant to Chapter 607, Florida Statutes.

8.     BUCKNER HOMES' principal place of business is 2701 SE Maricamp Rd, Suite 103, Ocala, Florida 34471.

9.     BUCKNER HOMES' business includes acting as agents for the sale and rental of residential real estate property, including 5560 NE 6th Place for the LONGS, and at all times acted as the LONGS' agent. BUCKNER HOMES conveys and enforces the LONGS' policies, rules, restrictions, and practices associated with

the rental of 5560 NE 6th Place.

10.     5560 NE 6th Place is a "dwelling" within the meaning of §760.22 (5) FFHA

and 42 U.S.C. § 3602(b) of the FHA.

11.     5560 NE 6th Place is subject to the anti-discrimination provisions of the FFHA

and the FHA.

## III.  JURISDICTION AND VENUE

12.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343,

42 U.S.C. § §§ 3601, *et seq.*

13.     Additionally, the Court has supplemental jurisdiction over Plaintiff's state-

law fair housing claims pursuant to 28 U.S.C. § 1367.

14.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all

parties reside in this District, Defendant BUCKNER HOMES's principal place of

business is in this District, and the events giving rise to the Plaintiffs' claims arose

in Marion County which is within the Ocala Division of the Middle District of

Florida.

15.     Any and all conditions precedent to the bringing of this action by Plaintiff

have occurred, or their performance has been waived by the Defendants.

## IV.  FACTUAL ALLEGATIONS

16.     At all times material hereto, SISON suffered from and still suffers from

physical and mental health impairments that substantially limit one or more of her

major life activities. Accordingly, SISON has a "disability" pursuant to § 760.22 of the FFHA and a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

17.     SISON relies upon an emotional support animal for therapeutic disability-related support.

18.     In the fall of 2022 SISON engaged Realtor David Russell [hereafter "SISON's Realtor"] to assist her in locating a house to rent for herself and her family.

19.     On October 3, 2022, DAVID RUSSELL inquired of BUKNER HOMES' agent David Buckner on behalf of SISON about a house located at 5560 NE 6th Place, which was listed as available for rent.

20.     The LONGS utilized BUCKNER HOMES to list and rent 5560 NE 6th Place for them, including the screening of rental applicants, and to implement and enforce the LONGS' rental rules, restrictions, and policies.

21.     The listing for 5560 NE 6th Place David Buckner stated that "no pets" were allowed.

22.     When inquiring about 5560 NE 6th Place on SISON's behalf, SISON's Realtor informed BUCKNER HOMES agent, Realtor David Buckner, that SISON had an emotional support animal ("ESA") and would provide written verification of her disability-related need to live with her ESA.

23.     David Buckner informed SISON's Realtor that the LONGS did not allow **any** animals, including ESAs.

24.     When SISON's Realtor indicated to David Buckner that ESAs had to be allowed by law, David Buckner advised that "it doesn't matter; if the owners don't want pets, then it's no pets."

25.     SISON relies on her ESA, a dog, to assist her in coping with her disabilities. (Letter of Medical Necessity and Disability Verification is marked and incorporated herein as "Exhibit 1.")

26.     An ESA is not a pet.

27.     On October 3, 2022, SISON was ready, willing, and able to rent 5560 NE 6th Place, but was not even permitted to see the house because her Realtor revealed to the Defendants that she is disabled and relies upon an ESA.

28.     A disabled person is not required to reveal that he or she has a disability and will need a reasonable accommodation because of a disability before touring a rental property or signing a lease.

29.     Because SISON and her Realtor were forthcoming about SISON's need for a waiver of the pet restriction as an accommodation of her disability SISON was denied an opportunity to rent the house located at 5560 NE 6th Place.

30.     Because SISON was denied an opportunity to rent the 5560 NE 6th Place house, she was forced to rent a smaller house in a less desirable location.

31.     At all times material, the Defendants were aware of or should have been aware of SISON's disability-related need for her ESA and that her ESA is and was

necessary to mitigate the symptoms of her disability.

32.    The Defendants' actions were, and continue to be, intentional, deliberate, willful, and in total and reckless disregard of Plaintiff's rights and show total indifference to her disabilities.

33.    The Defendants' refusal to rent the Plaintiff or allow her to tour or even apply to rent 5560 NE 6th Place, violated the FFHA and FHA.

34.    Plaintiff has been injured by the Defendants' discriminatory housing practices and therefore qualifies as an "aggrieved person(s)," pursuant to 42 U.S.C. § 3602(i).

35.    As a direct and proximate result of the Defendants' conduct, SISON has incurred and continues to incur attorney's fees, and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

36.    As a direct and proximate result of the Defendants' conduct, Plaintiff has retained undersigned counsel and is obligated to pay a reasonable fee for her services.

## V. CAUSES OF ACTION

### COUNT 1
### REFUSAL TO NEGOTIATE/ MAKING A DWELLING UNAVAILABLE
### (VIOLATION OF §760.23, FLA. STAT.)

37.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-36 as if fully set forth herein.

38.     SISON is disabled by virtue of physical and mental health impairments, including a history of suffering from severe depression, anxiety, and panic attacks, all of which substantially limit one or more of her major life activities, among them: sleeping, working, and self-care.

39.     SISON has a disability-related need to have her ESA in order to have the same opportunity to use and enjoy a dwelling as any non-disabled resident.

40.     When SISON's Realtor disclosed on her behalf to Defendants that she had an ESA, the Defendants refused to negotiate for the rental of the 5560 NE 6th Place property to her.

41.     Section 760.23(1) Fla. Stat. makes it unlawful to refuse to negotiate for the sale or rental of, or otherwise to make unavailable or deny a dwelling to any person because of race, color, national origin, sex, handicap, familial status, or religion.

42.     As a result of the Defendants' conduct, Plaintiff was denied the opportunity to live in the dwelling of her choice.

43.     As a result of the Defendants' conduct, Plaintiff has suffered damages.

44.     The discriminatory conduct and actions of Defendant were intentional, willful, and taken in blatant disregard for the Plaintiff's rights.

45.     As a direct and proximate result of Defendants' refusal to negotiate and making a dwelling unavailable to her, SISON has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff DIONE SISON demands judgment against Defendants REGINALD F. LONG, CATHY M. LONG, and BUCKNER HOMES REALTY, INC. declaring that Defendants' actions violated, *inter alia*, the Florida Fair Housing Act by discriminating against a person with a disability, and awarding Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT 2
## FAILURE TO REASONABLY ACCOMMODATE
### (VIOLATION OF 42 U.S.C.§ 3604(f)(3)(B))

46.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-36 as if fully set forth herein.

47.     SISON's Realtor disclosed on her behalf to the Longs' Realtor, David Buckner, that SISON relies upon an ESA.

48.     The disclosure was sufficient to put Defendants on notice of SISON's need for accommodation and/or to cause a reasonable housing provider to make appropriate inquiries about the need for an accommodation.

49.    The LONGS, had knowledge of SISON's disability-related need to have an ESA through their agent, BUCKNER HOMES, and/or were fully aware of or should have been fully aware of SISON's need(s) for assistance animals, but refused to waive their "no pets"/"no animals under any circumstances" policy, and denied SISON the ability to rent the house at 5560 NE 6th Place property.

50.    BUCKNER HOMES had actual knowledge of SISON's disability and disability-related need to live with her ESA and nonetheless enforced the LONGS' "no pets" policy and blocked SISON's ability to rent the house located at 5560 NE 6th Place property.

51.    Defendants had a legal obligation to meaningfully review SISON's request for disability-related accommodation to the "no pets/no animals" restriction and consider her as a prospect for the rental of 5560 NE 6th Place property.

52.    Defendants were required to treat SISON as they would any non-disabled potential tenant; to allow SISON to submit an application and tour the property.

53.    Defendants t were also required to meaningfully review the accommodation request being made by speaking directly with SISON or further with her Realtor, and allowing her to submit verification of disability rather than shutting down her access to the rental property *in toto.*

54.    Defendants made no effort to engage in a good faith dialogue with SISON directly or SISON's Realtor regarding SISON's need for an accommodation.

55.    The requested accommodation was necessary to afford SISON an equal opportunity to use and enjoy the rental premises, and Defendants knew or should have known that the requested accommodation was necessary for SISON.

56.    Accommodating SISON's need for an ESA would not result in substantial physical damage to the property of others.

57.    Accommodating SISON's need for an ESA would not pose an undue financial or administrative burden on Defendants.

58.    Accommodating SISON's need to have an ESA would not fundamentally alter the nature of Defendants' operations.

59.    Defendants' actions and conduct constitute a conscious and reckless disregard for Plaintiffs' rights and show total indifference for SISON's disability.

60.    The foregoing conduct and acts of Defendant constitute discrimination against a person with a disability in violation of 42 U.S.C.§ 3604(f)(3)(B), FHA, by failing to and/or by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff an equal opportunity to use and enjoy their dwelling.

61.    As a result of the Defendants' conduct, Plaintiff has suffered damages.

62.    Defendants' discriminatory conduct and actions were intentional, willful, and taken in blatant disregard for Plaintiff's rights.

63.   As a direct and proximate result of the Defendants' failure to accommodate, SISON has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff DIONE SISON demands judgment against Defendants REGINALD F. LONG, CATHY M. LONG, and BUCKNER HOMES REALTY, INC. declaring that Defendants' actions violated, *inter alia*, the Fair Housing Act by discriminating against a person with a disability, and awarding Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

**COUNT 3**
**MAKING A DISCRIMINATORY STATEMENT REGARDING TENANTS**
**WITH DISABILITIES**
**(VIOLATION OF 42 U.S.C. § 3604(c))**

64.   Plaintiffs re-allege and incorporate by reference Paragraphs 1-36 as if fully set forth herein.

65.   The LONG's agent, BUCKNER HOMES' realtor Buckner, expressly told SISON's relator that "it doesn't matter" whether SISON needed an ESA because "if the owners don't want pets, then it's no pets."

66.   BUCKNER HOMES' Realtor Buckner also stated that the LONGS do not rent to persons with animals, including emotional support animals, repeating the

LONGS' policy statement of "no pets/no animals" regardless of disability.

67.   The statements were made with respect to the rental of a dwelling, specifically the house at 5560 NE 6th Place.

68.   Defendants made discriminatory statements indicating an intention to refuse Plaintiff or other individuals who need to reside with assistance animals because of disabilities tenancy at the 5560 NE 6th Place property.

69.   Violations under 42 U.S.C. § 3604(c) include notices or statements by a person engaged in the rental of a dwelling that indicate a preference, limitation or discrimination because of disability.

70.   Actions prohibited include the use of words or phrases that convey that dwellings are not available to a particular group of persons because of a handicap of a prospective renter (or race, color, religion, family status or national origin of a prospective renter), and expressing to prospective renters or any other persons a preference or a limitation on any renter because of disability or other protected status. 24 C.F.R. §§ 100.75(c)(1)-(2). This prohibition includes statements that are made orally. 24 C.F.R. § 100.75(b)

71.   Responding to a SISON's Realtor's inquiry as to the availability of a house and offer to provide verification of a disability-related need for an accommodation with the statement that no animals, including emotional support animals, will be allowed is a statement made with respect to the rental of a dwelling indicating a

preference, limitation, or discrimination on the basis of disability.

72.     The statement indicated a preference, limitation, or discrimination on the basis of a protected class, specifically disability.

73.     The discriminatory conduct of Defendants was intentional, willful, and taken in disregard for Plaintiff's rights.

74.     As a direct and proximate result of the Defendants' conduct, SISON has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff DIONE SISON demands judgment against Defendants REGINALD F. LONG, CATHY M. LONG, and BUCKNER HOMES REALTY, INC. declaring that Defendants' actions violated, *inter alia*, the Fair Housing Act by discriminating against a person with a disability, and awarding Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIONE SISON demands judgment against Defendants REGINALD F. LONG, CATHY M. LONG, and BUCKNER HOMES REALTY, INC., which:

a.       declares that REGINALD F. LONG, CATHY M. LONG, and

BUCKNER HOMES REALTY, INC.'s actions violated the FFHA and FHA by discriminating against a person with disabilities;

b.      awards Plaintiff compensatory damages as would fully compensate her for Defendants' discriminatory conduct;

c.      awards Plaintiff her attorneys' fees and costs incurred in bringing this action to enforce the FFHA and FHA;

d.      awards Plaintiff punitive damages sufficient to punish Defendants for their actions that were willful, wanton, and malicious, or in reckless disregard for the Plaintiff's rights; and

e.      grants any other such relief as this Court deems just and equitable.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.


Respectfully submitted,


MARCY I. LAHART, P.A.
249 SE Tuscawilla Rd.
Micanopy, FL 32667
Telephone: (352) 224-5699
Facsimile: (888) 400-1464
Email: marcy@floridaanimallawyer.com

BY: *s/ Marcy I. LaHart*
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
*Counsel for Plaintiff*